IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LORENZO BURGESS**<br>1537 Warrensville Center Road<br>The Oliver House, Apartment 514<br>Shaker Heights, Ohio 44122,<br><br>PLAINTIFF,<br><br>v.<br><br>**SOUTHEASTERN OHIO REGIONAL JAIL**<br>16677 Riverside Dr.<br>Nelsonville, OH 45764,<br><br>And,<br><br>**STATE OF OHIO**<br>Ex Rel. Michael DeWine,<br>Ohio Attorney General<br>30 E. Broad Street, 14th Floor<br>Columbus, Ohio 43215,<br><br>And,<br><br>**JEREMY TOLSON, WARDEN, in his personal and official capacities;**<br>16677 Riverside Dr.<br>Nelsonville, OH 45764,<br><br>And,<br><br>**JEREMY BERWANGER, in his personal and official capacities;**<br>16677 Riverside Dr.<br>Nelsonville, OH 45764,<br><br>And,<br><br>**JOHN BATEMAN, in his personal and official capacities;**<br>16677 Riverside Dr.<br>Nelsonville, OH 45764, | CASE NO.: 2:16-cv-00903<br><br>JUDGE:<br><br><br><br><br>COMPLAINT<br><br><br>**(Trial by Jury Demanded Herein).** |

1

**And,**

**RICHARD LOSEY**
Chillicothe Correctional Institution
15802 OH-104
Chillicothe, OH 45601,

**And,**

**ROBERT WOODGEARD**
Noble Correctional Institution
15708 McConnellsville Rd.
Caldwell, OH 43724,

**And,**

**6 JOHN DOE DEFENDANTS,**
Identities and addresses currently
unknown,

**DEFENDANTS.**

Now comes Plaintiff Lorenzo Burgess, ("Plaintiff") by and through his undersigned counsel, and for his Complaint against Defendants Southeast Ohio Regional Jail ("Jail"); State of Ohio; Jeremy Tolson, Warden; Jeremy Berwanger; John Bateman; Richard Losey; Robert Woodgeard; and the 6 John Doe Defendants (collectively "Defendants"), states as follows:

## PRELIMINARY STATEMENT

1. This civil rights case seeks redress for the violation of Mr. Burgess's Fourth, Eighth and Fourteenth Amendment rights. The violation of Mr. Burgess's civil rights occurred on or about September 26, 2015. On that day, the State of Ohio, Southeast Ohio Regional Jail, Warden Tolson, and Correction Officers Berwanger and Bateman, with knowledge that a threat of an attack had been made, stood by and allowed the assault and battery of Mr. Burgess to occur, without doing anything to intervene to stop the assault and battery or otherwise taking any steps to protect Mr. Burgess while he was in their custody and/or care.

2

2. The assault and battery by the John Doe Defendants and Defendants Losey and Woodgeard occurred in full view of Berwanger and/or Bateman, who chose to allow the assault and battery to occur and failed to take action to stop or otherwise prevent same.

3. The State of Ohio, Southeast Ohio Regional Jail and Warden Tolson further ratified the conduct of Correction Officers Berwanger and Bateman by failing to meaningfully investigate the assault after it was reported and/or by failing to take corrective action. The policies, procedures, customs and habits of the State of Ohio and/or Southeast Ohio Regional Jail with respect to assaults and investigations thereof are a moving force behind the constitutional violation and shock the conscience.

## JURISDICTION

4. Plaintiff has asserted a claim under the Civil Rights Act of 1871, 42 USC 1983. This Court has jurisdiction to hear this claim under 28 USC 1331, 1343(a)(3) and (4). Jurisdiction over the state law claims is conferred by 28 USC 1367. Venue is proper in this division.

## PARTIES

5. Plaintiff Burgess is a resident of Cuyahoga County, Ohio and was attending Hocking College. He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution and violations of Ohio law.

6. Defendant Southeast Ohio Regional Jail is a unit of government organized under the laws of the State of Ohio and is a division or department of the Ohio Department of Corrections. Southeast Ohio Regional Jail is located in Nelsonville, Ohio, and is the jail in which Mr. Burgess suffered the harm complained of herein. Southeast Ohio Regional Jail is a person under, and for purposes of, 42 USC 1983 and at all times relevant to this case acted under color of state law.

7. Defendant Tolson was the Warden at Southeast Ohio Regional Jail at all times relevant to this action. Defendant Tolson is being sued in his individual and official capacities. Defendant Tolson is a person under 42 USC 1983 and at all times relevant to this case acted under color of state law.

8. Defendant Berwanger was, at all times relevant to this action, an employee of the Southeast Ohio Regional Jail. Defendant Berwanger was serving as an on-duty corrections officer on September 26, 2015. Defendant Berwanger is sued in his individual and official capacities. Defendant Berwanger is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

9. Defendant Bateman was, at all times relevant to this action, an employee of the Southeast Ohio Regional Jail. Defendant Bateman was serving as an on-duty corrections officer on September 26, 2015. Defendant Bateman is sued in his individual and official capacities. Defendant Bateman is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

10. Defendant Losey was an inmate at Southwest Ohio Regional Jail at all times relevant to this action and is currently an inmate at Chillicothe Correctional Institution. Defendant Losey was one of the inmates who committed and/or participated in an assault and battery against Mr. Burgess.

11. Defendant Woodgeard was an inmate at Southwest Ohio Regional Jail at all times relevant to this action and is currently incarcerated at Noble Correctional Institution. Defendant Woodgeard was one of the inmates who committed and/or participated in an assault and battery against Mr. Burgess.

4

12. The 6 John Doe Defendants were inmates at Southwest Ohio Regional Jail at all times relevant to this action and committed and/or participated in the assault and battery against Mr. Burgess. Despite reasonable diligence, the identities of, and addresses of, these John Doe Defendants could not be ascertained at this time.

## FACTS AND CAUSES OF ACTIONS

13. On September 25, 2015, police were looking for a suspect related to a sexual assault in Sycamore dormitory at Hocking College.

14. Although the victim identified her assailant as being 5 foot 7 inches and wearing a jacket, and although Mr. Burgess is 6 foot 6 inches and 330 lbs. and was wearing a hoodie, the police approached him for questioning.

15. Police questioned Mr. Burgess for approximately an hour between 7:00 p.m.-8:00 p.m.

16. Mr. Burgess was arrested at approximately 9:15 that night after he had a conversation with police and then spent approximately 22 hours in jail prior to being released.

17. Upon arresting him, police took Mr. Burgess to the Southeast Ohio Regional Jail, which is near the college.

18. When he arrived at the jail, Mr. Burgess was placed in a pod in which he was the only African American male.

19. Shortly after arriving, and prior to the assault and battery, an older white inmate with his bed next Mr. Burgess told Mr. Burgess that he should watch his back and be careful going to bathroom because he was the only black inmate and would likely be attacked.

20. This comment was reported to and/or overheard by corrections officers and other jail personnel, including Berwanger and Bateman.

21. Mr. Burgess asked the correction officers on duty if he should be worried about what the inmate told him and was told not to worry about it.

22. Mr. Burgess went to sleep and was awoken in the morning for breakfast.

23. After breakfast Mr. Burgess again asked the correction officers, including Berwanger and Bateman, if he should be worried about what the inmate told him concerning his safety.

24. The officers, including Berwanger and Bateman, again told him that he had nothing to worry about.

25. About twenty minutes after the conversation with the officers, Mr. Burgess went to use the bathroom.

26. While he was walking in bathroom a John Doe inmate pushed Lorenzo while another older white John Doe inmate came after him with a sharp object in his hand.

27. Defendants Losey, Woodgeard and the 6 John Doe Defendants then hit and otherwise assaulted Mr. Burgess.

28. Mr. Burgess received an elbow or a fist to his head right over his right eye.

29. When Mr. Burgess turned to try to run away, he saw Bateman and/or Berwanger standing outside the bathroom watching the altercation and making no effort to stop or prevent same.

30. When Mr. Burgess finally was able to flee the bathroom, Bateman and/or Berwanger calmly walked back to the desk laughing and did nothing to interfere with the altercation or to protect Mr. Burgess.

31. Berwanger then took Mr. Burgess to the nurse, who placed Mr. Burgess in a holding cell for an hour.

32. The nurse noted that Mr. Burgess's eye was swollen shut and that he could not open his eye or see out of the right eye.

33. The nurse further noted that Mr. Burgess had several abrasions on his eye lid and that there was blood present when she lifted the eye lid and that he needed to be transferred to a hospital for further evaluation and care.

34. Mr. Burgess was transferred to Hocking Valley Community Hospital.

35. At Hocking Valley Community Hospital, Mr. Burgess was diagnosed with a prominent blowout fracture of the floor of his right orbit, soft tissue injuries and a divergence of his orbital lens.

36. While a patient at Hocking Valley Community Hospital, Mr. Burgess was released from the jail and was transferred to the Ohio State University Medical Center.

37. While at the Ohio State University Medical Center, Mr. Burgess was diagnosed with a closed blow-out fracture of the right orbit, a dislodged lens, upper lip abrasion, hand pain, and abrasions to his eye.

38. Doctors at the Ohio State University Medical Center recommended surgery to repair the damages to the right orbit.

39. Mr. Burgess returned to Cleveland, Ohio and sought a second opinion though the Cleveland Clinic.

40. At the Cleveland Clinic, Mr. Burgess was diagnosed with blurred vision, double vision, eye redness, puffy eyes, and a closed fracture of the orbital floor.

41. Mr. Burgess's injuries are permanent and have caused significant pain and suffering.

### COUNT ONE
### 42 U.S.C. §1983

42. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs, as if fully rewritten herein.

7

43. The Eighth Amendment requires prison officials, including Southeast Ohio Regional Jail; Warden Tolson; Berwanger; and Bateman, to protect prisoners in custody from violence of other prisoners.

44. Defendants Southeast Ohio Regional Jail; Warden Tolson; Berwanger; and Bateman have each, under color of state law, deprived Plaintiff of the rights, privileges and immunities secured by the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment to the U.S. Constitution, including, but not limited to the right to be free from cruel and unusual punishment and the right to be protected from serious harm.

45. Defendants Southeast Ohio Regional Jail; Warden Tolson; Berwanger; and Bateman have acted with deliberate indifference to Plaintiff's Constitutional rights and were deliberately indifferent to Plaintiff's safety and security while he was in their custody and care.

46. Plaintiff was incarcerated under conditions that created a substantial risk of assault.

47. Defendants Southeast Ohio Regional Jail; Warden Tolson; Berwanger; and Bateman, were personally aware of facts from which an inference could be drawn that a substantial risk of harm to Plaintiff existed and Defendants Southeast Ohio Regional Jail; Warden Tolson; Berwanger; and Bateman actually drew the inference.

48. Defendants Southeast Ohio Regional Jail; Warden Tolson; Berwanger; and Bateman, knew or should have been aware of the substantial risk of assault to Plaintiff and were deliberately indifferent to, and/or purposefully and consciously disregarded, this risk to Plaintiff.

49. Plaintiff was at personal risk of assault as he belonged to an identifiable group of inmates for whom being targeted for assault was a serious problem.

8

50. Plaintiff was at risk of harm in general due to being incarcerated under conditions that created a risk of assault.

51. Upon information and belief, there was a pervasive risk of assault due to the high-frequency of assaults within the Southeast Ohio Regional Jail, the failure to follow required safety polices and procedures, and the need for corrective policies and measures.

52. Defendants Southeast Ohio Regional Jail; Warden Tolson; Berwanger; and Bateman knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it and/or prevent it.

53. The rules, regulations, customs, policies and procedures of Defendant Southeast Ohio Regional Jail and the State of Ohio regarding protecting a pretrial detainee from assault and battery of other inmates, who they knew had threatened such actions against Plaintiff, and upon information and belief, occurred with high frequency, were inadequate and unreasonable and were a moving force behind the Constitutional deprivations suffered by Plaintiff.

54. Defendant Southeast Ohio Regional Jail and the State of Ohio failed to adequate train its employees on protecting detainees and other prisoners, including Plaintiff, from assault and battery committed by inmates, despite an obvious need for such training.

55. Defendant Southeast Ohio Regional Jail and the State of Ohio ratified Defendants Tolson, Warden; Berwanger; and Bateman's unlawful conduct and assault and battery of Plaintiff by failing to investigate and/or failing to otherwise prevent the assault and battery of Plaintiff.

56. As a direct and proximate result of Defendant Southeast Regional Jail and the State of Ohio's acts/omissions, Plaintiff has been damaged in an amount to be established at Trial, but reasonably believed to exceed Twenty-Five Thousand Dollars ($25,000.00).

### COUNT TWO
### ASSAULT

57. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs, as if fully rewritten herein.

58. The John Doe Defendants and Defendants Losey and Woodgeard made an intentional and willful threat and/or an intentional and willful attempt to harm or touch Plaintiff in an offensive manner, without his consent, which reasonably placed Plaintiff in fear of such harm and injury to his person.

59. The John Doe Defendants and Defendants Losey and Woodgeard knew with substantial certainty that their acts would bring about harmful or offensive contact.

60. The John Doe Defendants and Defendants Losey and Woodgeard had the apparent ability to commit the threatened or attempted harm and/or to commit the offensive touching.

61. The John Doe Defendants and Defendants Losey and Woodgeard acted intending to cause a harmful or offensive contact with the person of Plaintiff.

62. The John Doe Defendants and Defendants Losey and Woodgeard intentionally caused imminent apprehension of a harmful or offensive touching with the person of Plaintiff.

63. The John Doe Defendants and Defendants Losey and Woodgeard did in fact offensively touch Plaintiff's person, without his consent.

64. Plaintiff had an imminent apprehension that the John Doe Defendants and Defendants Losey and Woodgeard would cause a harmful or offensive contact with his person, and was reasonably in fear of such contact.

65. As a direct and proximate result of the assault by the John Doe Defendants and Defendants Losey and Woodgeard, Plaintiff has been damaged in an amount to be proven at trial, and which is reasonably believed to exceed $25,000.00.

66. The John Doe Defendants and Defendants Losey and Woodgeard's conduct was willful, malicious, oppressive, and in bad faith, entitling Plaintiff to his expenses of litigation, including attorneys' fees.

67. The John Doe Defendants and Defendants Losey and Woodgeards conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care, which would raise the presumption of conscious indifference to consequences. Plaintiff is therefore entitled to an award of punitive damages.

## COUNT THREE
## BATTERY

68. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs, as if fully rewritten herein.

69. The John Doe Defendants and Defendants Losey and Woodgeard desired and intended to cause a harmful and offensive contact with the person of Plaintiff by elbowing, punching and/or otherwise harmfully touching Plaintiff, without his consent.

70. The John Doe Defendants and Defendants Losey and Woodgeard did, in fact, cause a harmful and offensive contact to occur with the person of the Plaintiff, without his consent, when they beat, punched, elbowed and otherwise harmfully touched the Plaintiff.

71. The contacts made by the John Doe Defendants and Defendants Losey and Woodgeard are offensive to a reasonable sense of personal dignity.

72. As a direct and proximate result of the John Doe Defendants and Defendants Losey and Woodgeard's harmful and offensive contacts, Plaintiff has been damaged in an amount to be proven at trial, and which is reasonably believed to exceed $25,000.00.

73. The John Doe Defendants and Defendants Losey and Woodgeard's conduct was willful, malicious, oppressive, and in bad faith, entitling Plaintiff to his expenses of litigation, including attorneys' fees.

74. The John Doe Defendants and Defendants Losey and Woodgeard's conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care, which would raise the presumption of conscious indifference to consequences. Plaintiff is therefore entitled to an award of punitive damages.

## COUNT FOUR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs, as if fully rewritten herein.

76. Defendants intended to cause the Plaintiff to suffer emotional distress or knew or should have known that their actions/omissions would result in serious emotional distress to the Plaintiff.

77. Defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it could be considered utterly intolerable in a civilized community.

78. The Defendants' acts/omissions were the proximate cause of Plaintiff's physical, emotional and psychological injuries.

79. The mental anguish suffered by Plaintiff a result of Defendants' actions/omissions as described above, was severe and debilitating.

80. The mental anguish suffered by Plaintiff a result of Defendants' actions/omissions as described above, was serious and of a nature that no reasonable person could be expected to endure it.

81. As a direct and proximate result of Defendants acts/omissions, Plaintiff has suffered, and will continue to suffer damages in an amount to be established at trial, but reasonably believed to exceed Twenty-Five Thousand Dollars ($25,000.00).

**WHEREFORE**, Plaintiff prays for judgment against Defendants, Southeast Ohio Regional Jail ("Jail"); State of Ohio; Jeremy Tolson, Warden; Jeremy Berwanger; John Bateman; Richard Losey; Robert Woodgeard; and the 6 John Doe Defendants, jointly and severally, as follows:

a. Compensatory damages in the types and amounts proved at trial but at least Twenty-Five Thousand Dollars ($25,000.00), plus any damages that may occur after the filing of this Complaint;

b. Punitive damages;

c. Prejudgment and post-judgment interest on said amounts at the statutory rate;

d. Defendant's expenses of litigation, including attorneys' fees;

e. Defendant's reasonable costs incurred herein; and/or

f. Such other and further relief as this Court shall deem proper.

Respectfully submitted,

/s/ Nate N. Malek
Nate N. Malek (0067380)
LAW OFFICE OF NATE N. MALEK, LLC
29025 Bolingbrook Road
Cleveland, OH 44124
(216) 443-0450
(216) 292-2909 (Fax)
nnmlaw@aol.com
*Attorney for Plaintiffs*

/s/ Fernando O. Mack
Fernando O. Mack, Esq. (0062937)
1220 West 6th Street
Cleveland, Ohio 44113
(216) 556-9610 (phone)
losmacks@msn.com

## JURY DEMAND

A trial by jury is hereby demanded on all issues herein.

/s/ Nate N. Malek
Nate N. Malek (0067380)
LAW OFFICE OF NATE N. MALEK, LLC
29025 Bolingbrook Road
Cleveland, OH 44124
(216) 443-0450
(216) 292-2909 (Fax)
nnmlaw@aol.com
*Attorney for Plaintiffs*

/s/ Fernando O. Mack
Fernando O. Mack, Esq. (0062937)
1220 West 6th Street
Cleveland, Ohio 44113
(216) 556-9610 (phone)
losmacks@msn.com