# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Lorenzo Burgess,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**Southeastern Ohio Regional Jail,** *et al.***,**<br><br>    **Defendant.** | **Case No.: 2:16-CV-00903**<br><br>**Judge: George C. Smith**<br><br>**Magistrate Judge: Kimberly A. Jolson**<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff, Lorenzo Burgess, and Defendants Southeastern Oho Regional Jail, Jeremy Tolson, Jeremy Berwanger, John Bateman, and Richard Losey, the parties to this Stipulated Protective Order, have agreed to the terms of this Order; accordingly, it is ORDERED:

**1.** **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials that may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or

1

disclosure of the documents. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents That May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL upon making a good-faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Any non-public police records pertaining to Lorenzo Burgess, any non-public jail records pertaining to Lorenzo Burgess, and/or any medical/mental health records pertaining to Lorenzo Burgess are hereby stipulated by the parties hereto to be designated as Confidential – Subject to Protective Order, whether or not said records are marked as such. Any non-public police records pertaining to Richard Losey, any non-public jail/prison records pertaining to Richard Losey, and/or any medical/mental health records pertaining to Richard Losey are hereby stipulated by the parties hereto to be designated as Confidential – Subject to Protective Order, whether or not said records are marked as such. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Thereafter, the deposition transcripts and any portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

**5.     Protection of Confidential Material.**

**(a)     General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Subparagraph 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b)     Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in Subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

**(1)     Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

**(2)     Parties.** Parties and employees of a party to this Order.

**(3)     Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4)     Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(5)     Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed

or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)** **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**6.** **Inadvertent Production.**

**(a)** **CONFIDENTIAL Documents/information.** If a party inadvertently produces any document/information designated CONFIDENTIAL without designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document/information produced is deemed

4

CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such documents/information as CONFIDENTIAL from the date such notice is received. Disclosure, prior to the receipt of such notice, of such documents/information designated CONFIDENTIAL to persons not authorized to receive such documents/information shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall make all reasonable efforts to notify any party to whom such disclosure was made that such information is CONFIDENTIAL pursuant to this Order.

**(b)** **Privileged Material/Work Product/Trial Preparation Materials.** The parties agree that disclosure of privileged information, work product, and/or trial-preparation material will not operate as a waiver of privilege if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection takes reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error. The parties further agree that documents containing privileged information, work product, and/or trial-preparation material shall be immediately returned if the documents appear on their face to have been inadvertently produced. Other produced materials the producing party claims are privileged or protected as work product and/or trial-preparation materials shall be returned by the opposing party immediately upon the producing party's written request. If there is a disagreement regarding the privilege or protection, the produced materials that the producing party claims are privileged or protected as work product and/or trial-preparation materials shall be segregated and maintained confidentially by the receiving party until the Court rules on the producing party's claim regarding the privilege or protection. To the extent information contained in a document subject to a claim of

privilege or protection has already been used or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

7. **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** To the extent a party wishes to cite to or reference any CONFIDENTIAL document in a brief, memorandum or pleading, the party wishing to use such Confidential documents shall:

**(a)** First consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

**(b)** Where agreement is not possible or adequate, the filing party shall seek Leave of Court to file the documents under seal. If Leave is granted by the Court, the document shall be filed electronically in accordance with Local Rule 5.2.1.

**(c)** To the extent that it is necessary for a party to quote the contents of any confidential information in a written pleading or motion, then the filing party may seek Leave of Court to file the pleading or motion under seal. If Leave is granted by the Court, the document shall be filed electronically in accordance with Local Rule 5.2.1.

8. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good-faith effort to resolve the

objection by agreement. Upon certifying an impasse, it shall be the burden of the designating party to seek to have the designation confirmed by the Court. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five days before the commencement of trial by identifying the documents or information at issue as specifically as possible, i.e., by Bates number, page range, deposition transcript lines, etc., without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

   **(a)** **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)    Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within 30 days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in Subparagraphs 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

**(c)    Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**12.    Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**13. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26 of the Ohio Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**14. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.


Date: December 22, 2017          /s/ Kimberly A. Jolson
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE

**WE SO STIPULATE and agree to abide by the terms of this Order.**

/s/Nate N. Malek, Esq.
Nate N. Malek (0067380)
LAW OFFICE OF NATE N. MALEK, LLC
29025 Bolingbrook Road
Cleveland, OH 44124
(216) 443-0450
(216) 292-2909 (Fax)
nnmlaw@aol.com

/s/ Fernando O. Mack, Esq.
Fernando O. Mack (0062937)
323 West Lakeside Ave., Suite 420
Cleveland, Ohio 44113
(216) 556-9610 (Phone)
(216) 575-7664 (Fax)
losmacks@msn.com

*Attorneys for Plaintiff*

Date: 12/21/17

**WE SO STIPULATE and agree to abide by the terms of this Order.**

/s/ Andrew Neil Yosowitz, Esq.
Mark David Landes (0027227)
Andrew Neil Yosowitz (0075306)
Isaac Wiles Burkholder & Teetor, LLC
2 Miranova, Suite 700
Columbus, Ohio 43215
(614) 221-2121
(614) 365-9516 (Fax)

*Attorneys for Defendants Southeastern Oho Regional Jail, Jeremy Tolson, Jeremy Berwanger, and John Bateman*

Date: 12/21/17

/s/ Elizabeth Ilgen Cooke
Elizabeth Ilgen Cooke (0063873)
Ohio State University
Moritz College of Law Clinical Programs
55 W. 12th Ave.
Columbus, Ohio 43210
(614) 292-6821
(614) 292-5511
Cooke.62@osu.edu

*Attorney for Defendant Richard Losey*

Date: 12/21/17

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Lorenzo Burgess,** | **Case No.: 2:16-CV-00903** |
| **Plaintiff,** | **Judge: George C. Smith** |
| **v.** | **Magistrate Judge: Kimberly A. Jolson** |
| **Southeastern Ohio Regional Jail,** *et al.***,** | **STIPULATED PROTECTIVE ORDER** |
| **Defendant.** | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the U.S. District Court for the Southern District of Ohio, in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____

_____  _____
Date  Signature